UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEVIN JAMES WALKER,

              Plaintiff,

        v.

JOSEPH C. PASTORESSA, DANIEL MCCARTHY, MICHAEL BROXMEYER, and PLYMOUTH BOARD OF MANAGERS/FAIRFIELD PROPERTIES,

              Defendants.

**MEMORANDUM & ORDER**
22-CV-00997 (HG) (LGD)

**HECTOR GONZALEZ**, United States District Judge:

      On March 23, 2022, Plaintiff Kevin James Walker, proceeding *pro se*, filed this action against Justice Joseph C. Pastoressa, Daniel McCarthy, Michael Broxmeyer and the Plymouth Village Board of Managers/Fairfield Properties (the "Defendants"). *See* ECF No. 1. Pursuant to the Court's inherent authority to dismiss claims that are frivolous or inadequately pled, the Court dismisses the complaint. Plaintiff's claims against Justice Pastoressa are dismissed with prejudice, as are his claims to enforce certain federal criminal statutes and any claims to set aside the foreclosure judgment in Suffolk County Supreme Court related to Plaintiff's apartment. As set forth in more detail below, Plaintiff may file an amended complaint on or before September 28, 2022, asserting his remaining claims in either this Court or the United States Bankruptcy Court for the Eastern District of New York, depending on the nature of those restated claims.

## BACKGROUND

      Plaintiff's complaint contains the following statement of his claims:

> January 2018 I filed Chapter 7 Bankruptcy in Eastern District Federal Court. Plymouth Village Board Managers/Fairfield Property was under the Chapter 7 debt was discharged 4-18-2018

> $81,000. They have been since 2019 sending threatening letters to foreclose. There is a sale date of 4-15-2022 Islip town Hall.

ECF No. 1 at 4. Plaintiff does not describe the relief he seeks. *Id.* He does, however, identify the following statutes as providing the basis for the Court's purported jurisdiction: 18 U.S.C. §§ 241, 242, 876, 1341, 1343, and 11 U.S.C. § 524. *Id.* at 3.

Plaintiff's complaint attaches various other documents, including documents relating to a lawsuit commenced against him in the Supreme Court of the State of New York, Suffolk County, and a bankruptcy proceeding that Plaintiff commenced in the United States Bankruptcy Court for the Eastern District of New York. ECF No. 1 at 6–21; *see also Bd. of Mgrs. of Plymouth Vill. Condo.*, No. 613521/2017 (Sup. Ct. Suffolk Cnty. filed July 19, 2017); *In re Walker*, No. 18-70377 (Bankr. E.D.N.Y. filed Jan. 17, 2018). Plaintiff's complaint does not explain why he included filings from these separate proceedings. However, the Court takes judicial notice, based on its review of the publicly-available dockets for those proceedings, that the Board of Managers of Plymouth Village Condominium (the "Board of Managers") commenced a lawsuit against Plaintiff on July 19, 2017, seeking a judgment of foreclosure and sale related to the apartment that Plaintiff has identified as his current address due to Plaintiff's alleged non-payment of a debt of more than $78,000.[1] *See Plymouth Vill. Condo.*, No. 613521/2017, NYSCEF No. 1 ¶¶ 37–46. The law firm Schneider Buchel LLP represented the Board of Managers in the foreclosure action. *Id.* at 20. Plaintiff's complaint in this action identifies Defendant McCarthy as an attorney affiliated with Schneider Buchel LLP and Defendant Broxmeyer as an "owner" of the Board of Managers. ECF No. 1 at 2.

---

[1] The Court may take judicial notice of dockets from other courts' proceedings because they are public records, especially when a plaintiff's complaint incorporates documents from those dockets. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

2

While the state court foreclosure action was pending, Plaintiff filed a petition under Chapter 7 of the Bankruptcy Code on January 17, 2018. *See In re Walker*, No. 18-70377, ECF No. 1. The bankruptcy court issued a discharge order on April 25, 2018, and notice of that order was sent to both the Board of Managers and Schneider Buchel LLP. *See In re Walker*, No. 18-70377, ECF No. 21-1. Before the discharge order was issued, Justice Pastoressa signed an order dated April 12, 2018, in the state court litigation appointing a referee to calculate the amount of money Plaintiff owed to the Board of Managers. *See Plymouth Vill. Condo.*, No. 613521/2017, NYSCEF No. 40. However, the order was not entered on the state court's docket until May 4, 2018, after Plaintiff's bankruptcy court discharge had gone into effect. *Id.* Justice Pastoressa later signed a judgment of foreclosure ordering the sale of Plaintiff's apartment on February 4, 2020, which was entered by the Suffolk County Clerk of Court on February 20, 2020. *See Plymouth Vill. Condo.*, No. 613521/2017, NYSCEF No. 59.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 73 (2d Cir. 2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). Nonetheless, "district courts

have inherent power to *sua sponte* dismiss a complaint as frivolous, even when, as here, the plaintiff has paid the filing fee" and is not seeking *in forma pauperis* status. *Li v. Dillon*, No. 21-1997-cv, 2022 WL 2661998, at *1 (2d Cir. July 11, 2022) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)). "A complaint is frivolous when '(1) the factual contentions are clearly baseless, . . . or (2) the claim is based on an indisputably meritless legal theory.'" *Id.* (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).

## DISCUSSION

### I. Plaintiff's Claims Against Justice Pastoressa Are Dismissed with Prejudice Because He Has Judicial Immunity.

As described above, Justice Pastoressa signed an order appointing a referee and a judgment of foreclosure in the state court litigation that the Board of Managers filed against Plaintiff. However, Justice Pastoressa is immune from suit on this basis even if the Board of Managers' efforts to collect its alleged debt and to foreclose on Plaintiff's apartment violated Plaintiff's bankruptcy discharge.

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). "Judges are . . . subject to suit only for (1) 'nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity'; and (2) 'actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Brady v. Ostrager*, 834 F. App'x 616, 618 (2d Cir. 2020) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). The complete absence of jurisdiction requirement means that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009); *see also Best v. DiTech Holding Corp.*, 407 F. Supp. 3d 210, 212 (E.D.N.Y. 2019)

4

(dismissing claims against judge who allegedly "overlook[ed] fraud and perjury" in state court foreclosure proceedings (alteration in original)).

Plaintiff's complaint does not include any allegations related to Justice Pastoressa. *See* ECF No. 1. The complaint merely identifies Justice Pastoressa as a defendant and attaches a document from Plaintiff's Suffolk County Supreme Court case, over which Justice Pastoressa presided. *Id.* at 2, 12–13. Even after giving this complaint the liberal interpretation required by Plaintiff's *pro se* status, Plaintiff has failed to allege that Justice Pastoressa harmed him through any nonjudicial actions or any actions taken in the complete absence of all jurisdiction. Instead, the complaint suggests that Plaintiff has sued Justice Pastoressa solely because of "official actions [he] took during the foreclosure proceedings," such as "ruling on motions" and "signing orders." *Weaver v. Schiavo*, No. 17-cv-1406, 2020 WL 496301, at *6 (S.D.N.Y. Jan. 30, 2020) (granting motion to dismiss); *see also Soh v. Greco*, No. 22-cv-3354, 2022 WL 2441238, at *2 (E.D.N.Y. July 5, 2022) (dismissing claims pursuant to judicial immunity against judge who "enter[ed] a judgment of foreclosure in the [plaintiff's] state court foreclosure proceeding").

In light of Justice Pastoressa's immunity, the claims against him are dismissed with prejudice, and Plaintiff may not file an amended complaint naming Justice Pastoressa as a Defendant. *Brady*, 834 F. App'x at 619 (affirming denial of leave to amend claims against state court judge); *Soh*, 2022 WL 2441238, at *2 (dismissing "with prejudice" claims against state court judge).

## II.    Plaintiff Cannot Assert Claims Related to the State Court Judgment of Foreclosure and Sale.

The Court must also dismiss Plaintiff's claims to the extent he seeks to use this lawsuit to set aside the foreclosure judgment entered in the Suffolk County Supreme Court litigation

5

between him and the Board of Managers.  The *Rooker-Feldman* doctrine deprives this Court of jurisdiction to grant such relief.

"[T]he *Rooker-Feldman* doctrine establishes the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Edwards v. McMillen Cap., LLC*, 952 F.3d 32, 35 (2d Cir. 2020) (internal quotation marks omitted).  "For the doctrine to apply, four requirements must be met:  (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* (internal quotation marks omitted).

All of these criteria are satisfied with respect to the Suffolk County Supreme Court's judgment of foreclosure.  Furthermore, the Second Circuit has held that the *Rooker-Feldman* doctrine precludes a plaintiff from suing in federal court to determine that a state court "foreclosure judgment was issued in error" or "to grant him title to his property" sold pursuant to a foreclosure judgment.  *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014).  Accordingly, "courts in this circuit routinely dismiss challenges to state court foreclosure judgments under *Rooker-Feldman*."  *Desir v. Florida Cap. Bank, N.A.*, 377 F. Supp. 3d 168, 172 (E.D.N.Y. 2019).

### III.  Plaintiff Cannot Assert Claims Based on Federal Criminal Statutes.

Plaintiff may not use this civil lawsuit to enforce the criminal statutes identified in his complaint, *see* ECF No. 1 at 3, and his claims based on those statutes must be dismissed with prejudice.  "The Supreme Court historically has been unreceptive to inferring a private right of action from a bare criminal statute," especially when the statute "provide[s] criminal sanctions

6

for violations but ma[kes] no mention of any private enforcement mechanism." *Schlosser v. Kwak*, 16 F.4th 1078, 1083 (2d Cir. 2021) (internal citations and quotation marks omitted).

The Second Circuit has held that each of the various criminal statutes that Plaintiff cites provides no such private right of action. *See Nath v. Select Portfolio Servicing, Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018) (no private right of action under 18 U.S.C. §§ 1341 or 1343); *Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) (no private right of action under 18 U.S.C. §§ 241 or 242); *Dourlain v. Comm'r of Tax'n & Fin.*, 133 F. App'x 765, 767–68 (2d Cir. 2005) (no private right of action under 18 U.S.C. § 876). In each of those cases, the Second Circuit affirmed the district court's dismissal of the plaintiff's claims, and this Court likewise dismisses with prejudice Plaintiff's claims based on these criminal statutes.

### IV. Plaintiff's Remaining Claims Are Dismissed with Leave to Amend for Failure to Comply with Rule 8.

The Court dismisses Plaintiff's remaining claims without prejudice because they are inadequately pled. Rule 8 of the Federal Rules of Civil Procedure requires Plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To satisfy this standard, the complaint must at a minimum disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (internal quotation marks omitted). "This standard is not met '[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct.'" *Murray v. Nazareth Reg'l High Sch.*, No. 20-cv-1471, 2022 WL 3139116, at *1 (E.D.N.Y. Aug. 5, 2022) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)). "Rule 8 . . . 'demands more than an unadorned, the-defendant-unlawfully-

7

harmed-me accusation.'" *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

The Court has the authority to dismiss "on its own initiative" a complaint that does not comply with Rule 8, although outright dismissal is reserved for extreme cases. *See Harnage*, 916 F.3d at 141. Furthermore, "a pro se complaint should not be dismissed without granting leave to amend at least once," so long as the Court "cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020) (internal quotation marks omitted).

As discussed above, any claims that Plaintiff might assert against Justice Pastoressa would fail, as would any claims to enforce federal criminal laws or to set aside the judgment of foreclosure entered in Suffolk County Supreme Court. A more clearly-drafted complaint could, however, conceivably assert claims against Defendants McCarthy, Broxmeyer, or the Board of Managers. Plaintiff's current complaint demonstrates an intent to assert claims against some or all of these Defendants related to purported attempts to collect a debt that was discharged in bankruptcy and to foreclose on Plaintiff's apartment. *See* ECF No. 1 at 1. However, Plaintiff's complaint does not include "a single allegation specif[ying] which defendant engaged in what misconduct." *Bardwil Indus. Inc. v. Kennedy*, No. 19-cv-8211, 2020 WL 2748248, at *3 (S.D.N.Y. May 27, 2020) (dismissing complaint). The Court will give Plaintiff an opportunity to provide this information by granting him leave to amend.

Any amended complaint that Plaintiff may file may not, however, rely on 11 U.S.C. § 524 as a basis for jurisdiction in this Court, as Plaintiff's current complaint does. *See* ECF No. 1 at 3. The Second Circuit "has never identified a private right of action under section 524." *Belton v. GE Cap. Retail Bank*, 961 F.3d 612, 616 (2d Cir. 2020). Accordingly, violations of a

bankruptcy court's discharge order "are enforceable only by the bankruptcy court and only by a contempt citation" authorized by 11 U.S.C. § 105. *In re Anderson*, 884 F.3d 382, 391 (2d Cir. 2018); *see also Costello v. Wells Fargo Bank NA*, No. 21-cv-1388, 2022 WL 1912870, at *9 (D. Conn. June 3, 2022) (dismissing such claims filed directly in district court). Similarly, Plaintiff may assert only in bankruptcy court any claim he may have that the Board of Managers violated the Bankruptcy Code's automatic stay by continuing its state court lawsuit while Plaintiff's bankruptcy proceeding was ongoing. *See J. J. Cranston Constr. Corp. v. City of New York*, No. 20-cv-4902, 2022 WL 1289690, at *3 (E.D.N.Y. Apr. 29, 2022) (holding that "the Court lacks subject matter jurisdiction over this action" because "under binding Second Circuit precedent, a claim seeking recovery of damages for willful violations of the automatic stay must be brought in Bankruptcy Court"). This Court's decision does not address in any way the merits of such claims and instead rules only that such claims, to the extent they are meritorious, can only be brought in bankruptcy court.

Since the Court is dismissing Plaintiff's complaint, the Court denies as moot Plaintiff's request to have the U.S. Marshals Service serve the complaint and a summons on Defendants. *See* ECF No. 6. However, for the sake of clarity, Plaintiff is not entitled to such an accommodation and may not request to serve his amended complaint in this manner. A plaintiff who has paid the filing fee, rather than receiving leave to proceed *in forma pauperis*, is not entitled to have the U.S. Marshals Service effect service on his behalf. *See Xi-Amaru v. Saul*, No. 18-cv-7028, 2019 WL 3997467, at *2 (E.D.N.Y. Aug. 23, 2019) (citing Fed. R. Civ. P. 4(c)(3)).

Finally, any amended complaint that Plaintiff files must be signed in his own name or by an attorney representing him. *See* Fed. R. Civ. P. 11(a). The Court notes that Plaintiff's current

complaint is signed using the name Khalid El Ali, yet it identifies Plaintiff as Kevin James Walker. *See* ECF No. 1 at 1, 5. Plaintiff's amended complaint must therefore do one of the following: (i) contain the signature of Kevin James Walker; (ii) identify Plaintiff as Khalid El Ali; or (iii) be accompanied by a notice of appearance of Khalid El Ali with sufficient information demonstrating that Khalid El Ali is an attorney admitted to practice in this District.

## **CONCLUSION**

For the reasons explained above, Plaintiff's claims against Justice Pastoressa are dismissed with prejudice. The Court also dismisses with prejudice any claims based on Defendants' alleged violations of criminal statutes or to overturn the Suffolk County Supreme Court's foreclosure judgment related to Plaintiff's apartment.

However, in light of Plaintiff's *pro se* status, the Court grants plaintiff leave to file an amended complaint that attempts to assert Plaintiff's remaining claims in a manner that complies with Rule 8 of the Federal Rules of Civil Procedure. If Plaintiff elects to file an amended complaint, he must do so on or before **September 28, 2022**. If Plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot, the Court will dismiss the action, and the Clerk of Court will enter judgment and close this case.

The amended complaint should be captioned, "Amended Complaint," and bear the same docket number as this Order, No. 22-cv-00997 (HG) (AYS). The amended complaint will replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. In the amended complaint, Plaintiff must set forth what each Defendant did or failed to do, what harm he sustained, and the relief he seeks. While Plaintiff may include exhibits in support of his claims, he cannot rely on exhibits to fulfill his obligation to provide a short and plain statement of his claims that complies with Rule 8. *See, e.g.*, *Irons v.*

*U.S. Gov't*, No. 21-cv-4683, 2021 WL 4407595, at *2 (E.D.N.Y. Sept. 27, 2021) ("Neither the court nor defendants should have to parse through the complaint or the attached exhibits to ascertain the factual basis for plaintiff's claims.").

Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED.

                                              */s/ Hector Gonzalez*
                                              HECTOR GONZALEZ
                                              United States District Judge

Dated: Brooklyn, New York
         August 29, 2022